TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
ELAN S. LEVEY (State Bar No. 174843)
Assistant United States Attorney
      Room 7516, Federal Building
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone: (213) 894-3997
      Facsimile: (213) 894-7819
      Email: elan.levey@usdoj.gov

Attorneys for Defendant, United States Department of Education

# UNITED STATES BANKRUPTCY COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NEWTON CHUN TAK; and<br>LORI AILEEN SCARLETT,<br><br>      Debtors. | Case No. 2:21-bk-16816-BB<br><br>Chapter 7 |
| LORI AILEEN SCARLETT,<br><br>      Plaintiff,<br><br>    vs.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>      Defendants. | Adv. No. 2:21-ap-01235-BB<br><br>**UNITED STATES DEPARTMENT OF EDUCATION'S: (1) ANSWER TO PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN(S); AND DEMAND FOR JURY TRIAL AND STATEMENT OF CONSENT; AND (2) STATEMENT OF NON-CONSENT TO A JURY TRIAL CONDUCTED BY THE BANKRUPTCY COURT**<br><br><u>Status Conference</u><br>Date:    April 5, 2022<br>Time:   2:00 P.M.<br>Place:   Ctrm 1539<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

///

///

///

United States Department of Education, a defendant herein ("Defendant"), hereby answers the *Complaint to Determine Dischargeability of Student Loan(s); and Demand for Jury Trial and Statement of Consent* ("Complaint") (*Docket No. 1*), filed by Lori Aileen Scarlett, the plaintiff herein ("Plaintiff"):

### PREFATORY STATEMENT

Pursuant to Federal Rules of Bankruptcy Procedure 7008(a) and 7012(b) and Local Bankruptcy Rule 7008-1, Defendant consents to the entry of final orders or judgment by this Court.

### STATEMENT OF JURISDICTION AND VENUE

1. In response to Paragraph 1, Defendant admits the allegations.

2. Paragraph 2 contains an allegation characterizing this matter as a core proceeding, to which no response is required. To the extent an answer is deemed required, Defendant admits that this matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Paragraph 3 contains an allegation of jurisdiction, to which no response is required. To the extent an answer is deemed required, Defendant admits that jurisdiction is proper in the United States Bankruptcy Court for the Central District of California.

4. Paragraph 4 contains an allegation of venue, to which no response is required. To the extent an answer is deemed required, Defendant admits that venue is proper in the United States Bankruptcy Court of the Central District of California.

5. Paragraph 5 contains a legal interpretation of 11 U.S.C. § 523, to which no response is required. To the extent an answer is deemed required, Defendant admits Plaintiff may only seek a discharge of student loan debts held by Defendant by making a claim of undue hardship in an adversary proceeding.

### THE PARTIES

6. In response to Paragraph 6, Defendant admits that Plaintiff is one of the debtors in the bankruptcy case, bearing case number 2:21-bk-16816-BB. With regard to the remaining allegations of Paragraph 6, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

///

7. In response to Paragraph 7, Defendant admits that it is a federal agency and that it is the holder of Plaintiff's Federal Family Education Loan Program ("FFEL") Stafford loans, which are serviced by Debt Management and Collections System. With regard to the remaining allegations of Paragraph 7, if any, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

8. In response to Paragraph 8, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

9. In response to Paragraph 9, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

10. Paragraph 10 contains the definition of a term to which no response is required.

11. In response to Paragraph 11, Defendant admits that Timothy Yoo is the Chapter 7 trustee of Plaintiff's bankruptcy estate, Case No. 2:21-bk-16816-BB. With regard to the remaining allegations of Paragraph 11, if any, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

**FACTUAL BACKGROUND**

12. In response to Paragraph 12, Defendant states that Plaintiff signed Master Promissory Notes to obtain federal FFEL Stafford loans on August 31, 1988, August 24, 1990 and September 18, 1992. Further, Defendant states that Plaintiff owes a cumulative total of approximately $45,418.53 in principal and accrued interest on the FFEL Stafford loans held by Defendant. With regard to the remaining allegations of Paragraph 12, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining

3

allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

13.  In response to Paragraph 13, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

14.  In response to Paragraph 14, Defendant admits that as of February 16, 2022, Plaintiff owes a cumulative total of approximately $45,418.53 in principal and accrued interest on the FFEL Stafford loans held by Defendant. With regard to the remaining allegations of Paragraph 14, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

15.  In response to Paragraph 15, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

**FIRST CLAIM FOR RELIEF**

**(Determine Debt Dischargeable Under 11 U.S.C. § 523 for Undue Hardship)**

16.  In response to Paragraph 16, Defendant re-alleges and incorporates its responses to Paragraphs 1 through 15 inclusive of the Complaint set forth above.

17.  In response to Paragraph 17, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

18.  In response to Paragraph 18, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

19. In response to Paragraph 19, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 19, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

20. In response to Paragraph 20, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 20, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

21. In response to Paragraph 21, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 21, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

22. The section beginning with "WHEREFORE" constitutes a prayer for relief, to which no response is required. To the extent a response may be required, Defendant denies the allegations contained therein. Defendant further alleges that Plaintiff is not entitled to any relief.

23. Any allegation contained in Plaintiff's Complaint which has not been admitted, denied or accepted is hereby denied.

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief against Defendant can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

The student loans owed by Plaintiff to Defendant are non-dischargeable debts pursuant to 11 U.S.C. § 523(a)(8).

## **THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust her administrative remedies.

///

///

///

///

## STATEMENT OF NON-CONSENT TO A JURY

## TRIAL CONDUCTED BY THE BANKRUPTCY COURT

Pursuant to Local Bankruptcy Rule 9015-2, Defendant does not consent and objects to a jury trial conducted by the Bankruptcy Court in this adversary proceeding on the grounds that no such right exists under applicable law. *See In re Hooper*, 112 B.R. 1009, 1012 (B.A.P. 9th Cir. 1990) ("Because of the equitable nature of the remedy sought and the historically equitable roots of dischargeability issues, … [plaintiff] is not entitled to a jury trial on the issue of dischargeability.")

**WHEREFORE**, Defendant prays for judgment as follows:

(1) That Plaintiff be denied the relief requested in the Complaint;

(2) Declaring that Plaintiff's student loan indebtedness, if any, due and owing to the United States Department of Education, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(8);

(3) For costs of suit incurred herein; and

(4) For such other and further relief as the Court may deem just and proper.

Dated: February 24, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

  */s/ Elan S. Levey*
ELAN S. LEVEY
Assistant United States Attorney

Attorneys for Defendant,
United States Department of Education

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: United States Attorney's Office, 300 N. Los Angeles Street, Room 7516, Los Angeles, California 90012

A true and correct copy of the foregoing document entitled **UNITED STATES DEPARTMENT OF EDUCATION'S: (1) ANSWER TO PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN(S); AND DEMAND FOR JURY TRIAL AND STATEMENT OF CONSENT; AND (2) STATEMENT OF NON-CONSENT TO A JURY TRIAL CONDUCTED BY THE BANKRUPTCY COURT** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 24, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Newton C Tak**   newton@newtonlawstudio.com, newtontak@icloud.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Timothy Yoo (TR)**   tjytrustee@lnbyg.com, tjy@trustesolutions.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **February 24, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 24, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 24, 2022 | JULIE MORALES | _/s/ Julie Morales_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                      F 9013-3.1.PROOF.SERVICE